UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KEITH EMMER

                Plaintiff,

           -against-

CITY OF NEW YORK, POLICE OFFICER
JAGDEEP SINGH, and POLICE OFFICERS
JOHN DOE and RICHARD ROE (names and number
of whom are unknown at present) and other
unidentified members of the New York City
Police Department,

                Defendants.
------------------------------------------------------------X

05 CV 9993

05 Civ.

**COMPLAINT**

**JURY DEMAND**

RECEIVED NOV 28 2005 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. During the protests surrounding the Republican National Convention, the City of New York deployed a policy and practice of making mass arrests, indiscriminately detaining people for merely being within the sphere of a certain locale. Whether or not individuals were there to protest the war in Iraq and the nomination of George W. Bush or to watch the protests as spectators or just happened to be on the street, or as legal observers, as plaintiff here, they were arrested because of the unconstitutional policy and practice the City of New York had in place. Plaintiff was falsely arrested and charged with obstruction of governmental administration, disorderly conduct and parading without a permit during a mass arrest by the New York City Police

Department when in fact plaintiff was present at the demonstration in the capacity as a legal observer. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and plaintiff resides in this district.

## PARTIES

5. Plaintiff Keith Emmer is a resident of the County of New York, State of New York. Mr. Emmer is a citizen of the United States, and is and was at all times relevant herein a resident of

the City of New York, State of New York.

6. New York City Police Officers Jagdeep Singh, and police officers and John Doe and Richard Roe are and were at all times relevant herein officers, employees and agents of the New York City Police Department. The individual defendants are being sued in their individual and official capacities.

7. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

**STATEMENT OF FACTS**

9. Plaintiff, Keith Emmer, is an attorney licensed to practice law in the State of New

York.

10. On August 29, 2004 plaintiff volunteered to serve as a legal observer at one of the many protests during the Republican National Convention.

12. As a legal observer, plaintiff was to serve in a neutral role and to observe the conduct of protesters and police officers.

13. Plaintiff's role was simply to watch and to record.

14. The protest that plaintiff was to observe was a protest of cyclist who intended to cycle through the streets of New York City.

15. The police department was made aware that there would be legal observers riding with the protesters.

16. Indeed all the legal observers including plaintiff wore a bright green hat with words "legal observer" printed on the front.

17. At approximately 12:07 p.m. on August 29, 2004 plaintiff was riding at the back of the protest when he was knocked off his bike by defendant police officer Jagdeep Singh.

18. Plaintiff had broken no laws.

19. Plaintiff was arrested along with numerous other individuals who were part of the protest.

20. Plaintiff tried to explain to defendant Jagdeep Singh that he was a legal observer but the officer would not listen.

21. Plaintiff was arrested by defendant and transported to Pier Fifty-Seven, a warehouse building used to store industrial vehicles.

22. The conditions in the building were unsanitary and dangerous. Plaintiff was held for

numerous hours in a cage whose floor was coated with diesel fuel and other and/or hazardous industrial chemicals.

23. After several hours in custody plaintiff was seen by a Judge and released on his own recognizance.

24. After numerous appearances in court the case against plaintiff was dismissed when on April 13, 2005, the Manhattan District Attorney's Office investigated the matter and moved to have the case dismissed.

25. As a direct and proximate result of the acts of defendants, plaintiff suffered violation of civil rights, embarrassment, humiliation, loss of liberty, loss of income, psychological injury, pain, suffering, emotional distress and mental anguish.

26. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

27 Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 26 with the same force and effect as if more fully set forth at length herein.

28. Defendants who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United

States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

29. The policy and practice of the New York City Police Department in making mass arrests led to the violation of plaintiff's constitutional rights. Such practice included, but is not limited to, corralling protesters and others who were merely present at demonstration locations between blocks and then indiscriminately arresting everyone on the block.

## SECOND CAUSE OF ACTION

### False Arrest

30. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

32. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

33. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

34. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 33 with the same force and effect as if more fully set forth at length herein.

35. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to plaintiff.

36. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

37. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

38. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 37 with the same force and effect as if more fully set forth at length herein.

39. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the defendants, individuals who were unfit for the performance of police duties on August 29, 2004, at the aforementioned location.

40. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### JURY DEMAND

41. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiffi shall recover compensatory damages in the sum of $1,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

1. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

2. That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:   November 28, 2005
         New York, New York

_____
EARL S. WARD, ESQ. (EW 2875)
545 Madison Avenue, 3rd Floor
New York, New York 10022
(212) 763-5070