


**MEMO ENDORSED**

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

FRED M. WEILER
*Assistant Corporation Counsel*
Phone: (212) 788-1817
Fax: (212) 788-9776
fweiler@law.nyc.gov

December 14, 2005

**BY HAND**
The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/05
```

Re:   *Scharf v. City of New York et al.* (05 CV 10012) (KMK) (JCF)   } docket
       *Emmer v. City of New York et al.* (05 CV 9993) (KMK) (JCF)   in both

Dear Judge Francis:

I am an assistant in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for Defendant City of New York (the "City").[1] I write with respect to the referenced matters, in which plaintiffs set forth constitutional and state-law claims relating to their alleged false arrest and unreasonable detention during the 2004 Republican National Convention.

The City's time to respond to each complaint will expire on or about December 26, 2005. With this letter, the City respectfully requests that in each case, its time to respond be extended to and including February 20, 2006. This request is made with the consent of plaintiff's counsel in each case.

---

[1] Upon information and belief, the police officers named as defendants in these two actions have not been served. Therefore, should the Court grant this enlargement, it is respectfully requested that it also give this office time to determine, pursuant to Section 50-k of the New York General Municipal Law, and based upon a review of the facts of the case, whether we may represent them. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Hon. James C. Francis
December 14, 2005
Page 2

      In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this additional time is needed to investigate the allegations of each complaint. It is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office has forwarded to plaintiffs' counsel, for execution by each plaintiff, a consent and authorization for the release of sealed records so that the City can access the information, properly assess the case, and respond to the complaint. It takes from 30 to 45 days after the consent is received for the subject records to be unsealed and released to this office.

      No previous request for an extension has been made by the City. Accordingly, it is respectfully requested that the City's time to answer or otherwise respond to each complaint be extended to and including February 20, 2006.

      Thank you for your time and attention.

Respectfully submitted,

Fred M. Weiler (FW 5864)

cc:    Earl Ward, Esq. (by mail)

12/15/05
Application granted.
SO ORDERED.
James C. Francis IV
USMJ

2