UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
KEITH EMMER,

                              Plaintiff,

      -versus-                             **05 CV 9993 (KMK)(JCF)**

THE CITY OF NEW YORK, et al.               **ECF CASE**

                              Defendants.
------------------------------------------------------------------------ x

## ANSWER

Defendant The City of New York ("Defendant"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon information and belief, as follows:

### AS TO THE "PRELIMINARY STATEMENT"

1. Defendant denies the allegations set forth in paragraph "1" of the Complaint.

### AS TO "JURISDICTION"

2. Defendant denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

3. Defendant denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

### AS TO "VENUE"

4. Defendant denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff alleges that venue is proper as stated therein.

## AS TO "PARTIES"

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Defendant denies the allegations set forth in paragraph "8" of the Complaint, except admits that The City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

## AS TO "STATEMENT OF FACTS"

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. The Complaint contains no paragraph "11."

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Defendant denies the allegations set forth in paragraph "18" of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in paragraph "20" of the Complaint.

21. Defendant denies the allegations set forth in paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in paragraph "22" of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in paragraph "25" of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

## AS TO THE "FIRST CAUSE OF ACTION"

27. In response to the allegations set forth in paragraph "27" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of the answer, as if fully set forth herein.

28. Defendant denies the allegations set forth in paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in paragraph "29" of the Complaint.

## AS TO THE "SECOND CAUSE OF ACTION"

30. In response to the allegations set forth in paragraph "30" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of the answer, as if fully set forth herein.

31. Defendant denies the allegations set forth in paragraph "31" of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in paragraph "33" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

## AS TO THE "THIRD CAUSE OF ACTION"

34. In response to the allegations set forth in paragraph "34" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of the answer, as if fully set forth herein.

35. Defendant denies the allegations set forth in paragraph "35" of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Defendant denies the allegations set forth in paragraph "37" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

## AS TO THE "FOURTH CAUSE OF ACTION"

38. In response to the allegations set forth in paragraph "38" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of their answer, as if fully set forth herein.

39. Defendant denies the allegations set forth in paragraph "39" of the Complaint.

40. Defendant denies the allegations set forth in paragraph "40" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

## AS TO "JURY DEMAND"

41. Defendant denies the allegations set forth in paragraph "41" of the Complaint, except admits that plaintiff demands a trial by jury.

42. Defendant denies the remaining allegations of the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

43. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

44. There was probable cause for plaintiff's arrest, detention and prosecution.

## THIRD AFFIRMATIVE DEFENSE

45. Any and all injuries alleged in the Complaint were caused, in whole or in part, by plaintiff's culpable, negligent or intervening conduct and were not the proximate result of any act of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

46. This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

47. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

48. Punitive damages are not recoverable against The City of New York. Punitive damages cannot be recovered against the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## SEVENTH AFFIRMATIVE DEFENSE

49. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress providing for the protection of civil rights.

### EIGHTH AFFIRMATIVE DEFENSE

50. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

### NINTH AFFIRMATIVE DEFENSE

51. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant The City of New York is entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

### ELEVENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred, in whole or in part, by the doctrine of absolute immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

55. To the extent that Defendants used any force, it was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### FOURTEENTH AFFIRMATIVE DEFENSE

56. Plaintiff failed to mitigate his damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff consented to the acts about which he complains.

### SIXTEENTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by his contributory or comparative negligence and by his assumption of the risk.

### SEVENTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

**WHEREFORE,** Defendant The City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 20, 2006

> MICHAEL A. CARDOZO
> Corporation Counsel of the City of New York
> Attorney for Defendant The City of New York
> 100 Church Street, Room 3-137
> New York, New York 10007
> (212) 788-8026
>
> By: _____/s/_____
>     James Mirro (JM 2265)
>     Special Assistant Corporation Counsel
>     Special Federal Litigation Division

**05 CV 9993 (KMK) (JCF)**

| |
|---|
| **UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK** |
| KEITH EMMER,<br><br>           Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>           Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y. 10007* |

9